FARMER, C.J.,
concurring.
The conduct for which defendant was convicted is one of those offenses that is physically incapable of being complete in the moment it is undertaken. It is not over in an instant or a brief span of time, as when a discrete physical act is performed. Shooting someone, for example, is complete the instant following the act of shooting. .
There is a kind of conduct, however, that takes place in an expanse of time and maybe even of place. I have in mind something akin to an act of being, an intransitive verb. Or, as in this instance, of not doing something one is obligated to do. This is often referred to as a continuing offense. Possession of stolen property strikes me as one. It continues as long as the stolen property is had and wherever it is possessed illegally.[1] For this kind of offense, as Yogi might say, “it ain’t over till it’s over.”
Defendant’s act was of the continuing kind. Her offense is willfully failing to return a rental vehicle after the term of the lease had expired. Logically, once this offense was set into being, it necessarily continued (and thus was not complete) as *458 long as the vehicle was not returned to the lessor when it should have been.[2]
And, as this case illustrates, because it continues it also occurs wherever the vehicle is kept during the failure to return. Thus while the failure to return may have begun in Georgia on the day following the one-day lease, it must be deemed to have continued all the days following until it was returned (involuntarily). It also continued into new jurisdictions and venues as she drove the car into Florida and down to Broward County. Therefore, if she was guilty at all of failing to return the vehicle, she was certainly guilty of it until she returned it and wherever she took it while she failed to return it. As I said, in this sense her offense is not unlike an illegal possession that continues for days or months while the purloined thing is taken from place to place.
The problem with defendant’s jury instruction is that an issue of jurisdiction or venue would have been possible only in respect of a completed act in one place. Was the shooter in Broward or Palm Beach County when the shot was fired?[3] In the context of this continuing act, however, there is no possible jurisdictional or venue issue in any of the places where she kept the car while illegally failing to return it.[4] Hence no error in denying the instruction.
On this basis I concur in the affirmance of defendant’s conviction.

. Because of multiple sovereigns, the fact that a continuing offense may be punished in more than one jurisdiction does not create a double jeopardy problem. It does, however, act as a powerful disincentive to continuing the act in more than one jurisdiction.

. In drafting the statute, the Legislature could have specified that each day the vehicle is not returned when it should have been constitutes a separate offense. As it did not so specify, the offense is merely a continuing one until it is returned.

. It is possible to imagine a shooting in which the shooter and the victim were both athwart the county line. Where crimes are committed in more than one county, either is a proper venue.

.If she wanted to limit venue to a particular place while she illegally failed to return the car, perhaps she should have kept it only in that place.